UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DODD, et al.,

    Plaintiffs,

v.                                      CASE No. 8:10-CV-21-T-23TGW

UNITED STATES, et al.,

    Defendants.

_____

## REPORT AND RECOMMENDATION

The plaintiffs have filed affidavits of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for their complaint against nineteen defendants, including the White House, the Federal Bureau of Investigation, Nancy Reagan, and Robert L. Dupont (Docs. 2, 3). The plaintiffs, proceeding *pro se*, have filed a vague complaint alleging numerous violations, including copyright infringement, slavery and torture, crimes against humanity, and false arrest.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiffs submit an affidavit that includes a statement of all assets showing an inability to pay the

filing fee and a statement of the nature of the action which shows that they are entitled to redress. Even if the plaintiffs prove indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the plaintiffs' forty-one page complaint does not contain a decipherable allegation of wrongdoing. For example, they claim that defendant Drug Free America Foundation, Inc., has sponsored brainwashing techniques to "destroy and brutalize children nationwide," but do not explain a claim on that basis (Doc. 1, p. 15). Moreover, the plaintiffs seek relief under various laws, including the Patriot Act, the Nuremberg Codes, and the "Brian Alexander Dodd Act of 2010" without citation to any factual information.

The plaintiffs have patently failed to satisfy the requirements of Rule 8, F. R. Civ. P. Thus, there is not a short and plain statement showing that the plaintiffs are entitled to some relief. The plaintiffs set forth five single-space pages of facts and allegations and then incorporate those matters into each of the twenty-three counts. There is no meaningful attempt to tie specific allegations to specific claims or defendants. Moreover, some purported defendants, such as the "White House," are not legal entities

amenable to suit. Other defendants have not had an apparent claim stated against them. Further, the plaintiffs do not seem to have standing to assert harm suffered by others. A number of alleged jurisdictional bases are plainly frivolous. In short, the complaint has so many deficiencies that an attempt to identify them all would be waste of time.

For the foregoing reasons, I recommend that the Motions to Proceed In Forma Pauperis (Docs. 2, 3) be denied and that the case be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (ii). The dismissal should be with leave to amend because possibly plaintiff Dodd (who alleges that he is paranoid) may be able to state a claim for copyright infringement or for harm suffered in the "Straight" program.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY 12, 2010

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).